**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 15, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JAMES HOWARD JENKINS, II,

     Defendant - Appellant.

No. 16-7016
(D.C. No. 6:14-CR-00014-RAW-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.[**]

Defendant-Appellant James Howard Jenkins, II, appeals from the district court's denial of his motion for a sentence reduction based upon Amendment 782 to the United States Sentencing Guidelines. 18 U.S.C. § 3582(c)(2). Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2), and we reverse.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

In 2014, Mr. Jenkins pleaded guilty to possession with intent to distribute methamphetamine. The plea agreement recited: "The United States agrees to join with defense counsel in agreeing that U.S.S.G. § 2D1.1(c)(7) applies to the base offense [level] calculation under U.S.S.G. § 2D1.1(a)(5) of the advisory guidelines." 2 R. 12. Mr. Jenkins was sentenced in accordance with the terms of the plea agreement. Given a base offense level of 26 contained in referenced guideline and an adjusted offense level of 23 (criminal history category of VI), Mr. Jenkins was sentenced to 92 months' imprisonment and four years' supervised release. The guideline range was 92–115 months. Mr. Jenkins appealed, but challenged a condition of supervised release. His direct appeal was dismissed because it was barred by his appellate waiver. United States v. Jenkins, 608 F. App'x 710 (10th Cir. 2015).

The district court denied Mr. Jenkins' motion for sentence reduction explaining:

> A review of Mr. Jenkins' sentence in this case revealed that his 92 month sentence was based upon a binding plea agreement to a specific sentencing range of 92 to 115 months, pursuant to Federal Criminal Rule 11(c)(1)(C), which was accepted by the Court. Therefore, Mr. Jenkins is not eligible to receive a reduction based on retroactive Guideline Amendment 782.

I R. 30. Our review is for an abuse of discretion, considering any reason supplied by the district court for the denial. United States v. Verdin-Garcia, 824 F.3d 1218, 1221 (10th Cir. 2016). A decision based upon a legal error constitutes an

abuse of discretion.  <u>Koon v. United States</u>, 518 U.S. 81, 100 (1996).

The government has maintained that the sentence was based on the guidelines and that although the district court had the discretion to reduce the sentence, it should not because Mr. Jenkins would receive a windfall.  I R. Supp. 1; Aplee Br. 11–15; <u>Freeman v. United States</u>, 564 U.S. 522, 539 (2011) (Sotomayor, J. concurring); <u>United States v. Graham</u>, 704 F.3d 1275, 1278 (10th Cir. 2013).  We agree with the latter proposition given that the Rule 11(c)(1)(C) plea agreement explicitly identified the applicable base offense level in the drug quantity table rather than a range.

The government argues that Mr. Jenkins has waived the issue of whether the sentence is based upon the sentencing guidelines because he did not raise it in his opening brief.  Aplee. Br. at 11.  In his reply brief, Mr. Jenkins argues that if he had counsel on appeal, he could ask counsel to file a motion to supplement his opening brief with the argument.  We construe this as a motion to supplement his opening brief with the argument, and grant it.  Given this record, it is apparent that the government was aware of this issue, having taken the same position in the district court and flagging it on appeal.  The district court's statement that the plea agreement specified a 92–115 month sentence is incorrect and indeed the district court has the power to decide the motion given <u>Freeman</u>.

Accordingly, we reverse so the district court may exercise its discretion regarding the motion on remand.  Therefore, it is unnecessary to address Mr.

Jenkins' contentions on appeal that he did not waive his variance rights and that he received ineffective assistance of counsel, arguments the government maintains are both  procedurally barred (as not raised below) and not cognizable in this proceeding.  See Dillon v. United States, 560 U.S. 817, 831 (2010).  We express no opinion on the ultimate outcome of the motion.

REVERSED and REMANDED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge