**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 8, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES HOWARD JENKINS, II,

    Defendant - Appellant.

No. 17-7015
(D.C. No. 6:14-CR-00014-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

James Howard Jenkins II appeals the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). We conclude that Jenkins isn't eligible for a sentence reduction under § 3582(c)(2), because he wasn't sentenced based on a sentencing range later lowered by the Sentencing Commission. That means Jenkins has failed to establish jurisdiction under § 3582(c)(2). Exercising jurisdiction under 28 U.S.C. § 1291, we vacate the district court's order denying

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Jenkins's motion on the merits, and remand to the district court to dismiss the motion for lack of jurisdiction.

## BACKGROUND

During a traffic stop in October 2013, police officers searched Jenkins's car and found 342.8 grams of a white crystal substance (later determined by the U.S. Drug Enforcement Administration laboratory to include 271.3 grams of *actual* methamphetamine). In February 2014, a federal grand jury in the Eastern District of Oklahoma indicted Jenkins on a charge of possessing, with intent to distribute, 50 grams or more of a mixture containing a detectable amount of methamphetamine, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B).

On May 23, 2013, the parties filed a plea agreement under Fed. R. Crim. P. 11(c)(1)(C). In this plea agreement, the parties agreed—subject to the court's acceptance—to apply U.S.S.G. § 2D1.1(c)(7), which set a base offense level of 26. At the change-of-plea hearing that same day, the government estimated the advisory guideline range to be 92 to 115 months of imprisonment, referencing U.S.S.G. § 2D1.1(c)(7).

On November 6, 2013, at the sentencing hearing, the government explained that it had agreed to a base offense level of 26 in anticipation of Amendment 782's becoming law and reducing by two levels the base offense level for Jenkins's methamphetamine weight. Otherwise, if the parties had used the 2013 sentencing guidelines manual, the 342.8 grams of a mixture containing methamphetamine would have required a base offense level of 28. *See* U.S. Sentencing Guidelines Manual §

2

2D1.1(c)(6) (U.S. Sentencing Comm'n 2013). The district court accepted the parties' Rule 11(c)(1)(C) plea agreement, including the base offense level of 26.[1]

As it turned out, Jenkins was sentenced days after Amendment 782 became effective on November 1, 2014. *See* U.S. Sentencing Guidelines Manual app. C, amend. 782 (U.S. Sentencing Comm'n 2014). So had the district court declined the binding plea agreement, Jenkins would ultimately have received the same benefit of a two-level reduction to his base offense level, whether he later entered a nonbinding plea agreement or even been convicted at trial. The district court sentenced Jenkins to the low end of the sentencing range of 92 to 115 months (calculated by using total offense level of 23 and criminal-history category of VI).

In May 2015, Jenkins moved to reduce his sentence based on Amendment 782. But, as stated, Jenkins had already received the benefit of this amendment. That detail left Jenkins ineligible for relief under § 3582(c)(2) because he was not "a defendant who has been sentenced to a term of imprisonment based on a sentencing range subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). Otherwise stated, because Jenkins had already gotten the benefit of Amendment 782's two-level reduction, his advisory range stayed the same after the amendment—92 to 115 months of imprisonment.

---

[1] Jenkins struck a favorable deal. Had the government superseded his indictment with the actual methamphetamine under 21 U.S.C. § 841(a)(1), (b)(1)(A), and filed an information under 21 U.S.C. § 851, which it agreed not to do, Jenkins would have faced a mandatory-minimum sentence of 240 months of imprisonment.

The district court denied Jenkins's § 3582(c)(2) motion on a ground we later determined improper—namely, that the "sentence was based upon a binding plea agreement [under Fed. R. Crim. P. 11(c)(1)(C)] to a specific sentencing range of 92 to 115 months." R. vol. 1 at 105; *see also United States v. Jenkins*, 668 F. App'x 852, 853 (10th Cir. 2016).

## DISCUSSION

"We review the scope of a district court's authority in resentencing under § 3582(c)(2) de novo." *United States v. Verdin-Garcia*, 824 F.3d 1218, 1220–21 (10th Cir. 2016). Federal courts generally lack jurisdiction to modify a sentence after it is imposed, but they may do so when statutorily authorized. *United States v. Graham*, 704 F.3d 1275, 1277 (10th Cir. 2013).

On remand, with neither the district court nor our court on appeal having yet addressed or ruled on the jurisdictional question, the district court declined on the merits to award relief under § 3582(c)(2). If we had jurisdiction to consider the merits, we certainly could not say this was an abuse of discretion. But, as explained, we have no jurisdiction to reach the merits. After all, a sentencing reduction under § 3582(c)(2) must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). One such policy statement

4

prohibits a sentence reduction "that is less than the minimum of the amended guideline range." U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(A).[2]

Because this policy binds the district court, it is not authorized to reduce a defendant's sentence below the amended guideline range. *United States v. Rhodes*, 549 F.3d 833, 841 (10th Cir. 2008).

## CONCLUSION

For these reasons, we vacate the district court's order denying Jenkins's motion for a sentence reduction under § 3582(c)(2) and remand to the district court to dismiss the motion for lack of jurisdiction.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[2] The policy includes an exception for when the government makes a motion to reflect the defendant's substantial assistance. U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(B). Here, the government hasn't made such a motion.