**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 3, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FIDENCIO VERDIN-GARCIA,

    Defendant - Appellant.

No. 15-3165

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ADAN MOLINA,

    Defendant - Appellant.

No. 15-3252

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MIGUEL ROMERO,

    Defendant - Appellant.

No. 15-3297

---

Daniel T. Hansmeier (Melody Brannon, Federal Public Defender, Kirk C. Redmond, First Assistant Federal Public Defender, Paige A. Nichols, Research and Writing Specialist, on the briefs) for Defendants -Appellants.

James A. Brown, Assistant United States Attorney, (Barry R. Grissom, United States Attorney and Carrie N. Capwell, Assistant United States Attorney, Kansas City, Kansas, with him on the brief), Topeka, Kansas, for Plaintiff - Appellee.

Before **KELLY**, **GORSUCH**, and **PHILLIPS**, Circuit Judges.

**KELLY**, Circuit Judge.

In these consolidated cases, Defendants-Appellants Adan Molina, Fidencio Verdin-Garcia, and Miguel Romero appeal from denials of their respective motions for sentence reduction. 18 U.S.C. § 3582(c)(2). Defendants relied upon U.S.S.G. Amendments 782 & 788 which retroactively lowered the base offense levels for many drug quantities listed in the Sentencing Guidelines. On appeal, defendants seek the reversal of these denials on the basis that the district courts erred by failing to address their material, nonfrivolous arguments. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

Background

In 2010, Mr. Molina was sentenced to life imprisonment. Following the enactment of Amendment 782, Mr. Molina's advisory guidelines range was reduced from life to 360 months to life imprisonment. Mr. Molina filed a pro se motion, later supplemented by counsel, asking the court to reduce his sentence to 360 months. The district court denied the motion, explicitly stating it considered the factors listed in 18 U.S.C. § 3553(a). United States v. Molina, No. 09-40041-01-JAR, 2015 WL 5825124 (D. Kan. Oct. 6, 2015). The district court determined that given the nature of the criminal organization and Mr. Molina's leadership role in the crimes, a sentence reduction was not appropriate. Id. at *3. It rejected Mr. Molina's argument that he was unlikely to recidivate upon release. Id. The district court also noted Mr. Molina's refusal to testify against his brother-in-law despite a court order to do so. Id. On appeal, Mr. Molina challenges the district court's failure to address evidence of his post-sentencing rehabilitation and "extensive data-driven policy arguments based on Sentencing Commission research in favor of a reduction." Aplt. Br. (15-3252) at 2.

In 2006, Mr. Verdin-Garcia was sentenced to three terms of life imprisonment and eleven terms of four years' imprisonment. United States v. Verdin-Garcia, 516 F.3d 884, 889 (10th Cir. 2008). Following the enactment of Amendment 782, Mr. Verdin-Garcia's guidelines range was reduced from life to 360 months to life imprisonment. Mr. Verdin-Garcia filed a motion asking the

court to reduce his sentence to 360 months. The district court denied the motion, explicitly stating it considered the factors listed in § 3553(a). United States v. Verdin-Garcia, No. 05-20017-01-JWL, 2015 WL 4134105 (D. Kan. July 8, 2015). Recognizing that Mr. Verdin-Garcia recruited and used young people in the crimes, showed no sign of remorse for his criminal activity, and continued to participate in criminal activity as long as he was able to do so, even while incarcerated, the district court held that a sentence at the high-end of the amended guidelines range was appropriate. Id. at *2. The district court also noted that during sentencing the court stated the "case involved 'the most significant quantities of drugs' that [it] had seen in any prosecution." Id. at *1. Finally, it rejected his arguments that a reduction was warranted based upon his conduct while in prison and that he was unlikely to recidivate given the age at which he would be released. Id. at *2. On appeal, Mr. Verdin-Garcia argues the district court erred when it failed to address his policy-based arguments. Specifically, he argued that his life sentence was based upon a guideline that failed to serve the statutory purposes of sentencing, increased prison population pressure, and threatened access to recidivism-reduction programs. He also challenges the court's failure to address his argument that serving a life sentence was unnecessary to protect the public given that recidivism was unlikely. Aplt. Br. (15-3165) at 4.

In 2006, Mr. Romero was sentenced to three terms of life imprisonment,

- 4 -

one term of ten years, and two terms of four years. <u>Verdin-Garcia</u>, 516 F.3d at 889. Following the enactment of Amendment 782, Mr. Romero's guidelines range was reduced from life to 360 months to life imprisonment. Mr. Romero filed a motion asking the court to reduce his sentence to 360 months. The district court denied the motion, explicitly stating it considered the factors listed in § 3553(a). <u>United States v. Romero</u>, No. 05-20017-02-JWL, 2015 WL 7295446, at *1 (D. Kan. Nov. 18, 2015). The district court noted that Mr. Romero's crimes involved young people and weapons, that Mr. Romero showed no respect for the law or remorse for his actions, and that Mr. Romero engaged in a leadership role in the criminal activity. <u>Id.</u> at *2. The court also rejected Mr. Romero's argument that he was unlikely to recidivate should he be released because he had already been replaced by another drug dealer. <u>Id.</u> On appeal, Mr. Romero argues the district court erred by addressing only some, but not all, of his policy arguments. Aplt. Reply Br. (15-3297) at 2. Specifically, he argues the district court failed to address his claims that: (1) the drug quantity levels in the guidelines lack an empirical basis, (2) long drug sentences (a) shift resources from law enforcement to corrections, making the public less safe, (b) for retribution are inappropriate and counterproductive, (c) don't slow the drug market and ignore that recidivism decreases with age, and (d) don't deter drug offenders. <u>Id.</u> at 3-5.

Discussion

We review the scope of a district court's authority in resentencing under § 3582(c)(2) de novo. <u>United States v. Rhodes</u>, 549 F.3d 833, 837 (10th Cir. 2008). A decision to deny the motion is reviewed for an abuse of discretion. <u>United States v. Sharkey</u>, 543 F.3d 1236, 1238 (10th Cir. 2008).

A district court is empowered by § 3582(c)(2) to reduce a sentence "based on a sentencing range subsequently lowered by the Commission." <u>Dillon v. United States</u>, 560 U.S. 817, 826 (2010). Specifically, "the court *may* reduce the term of imprisonment, after *considering* the factors set forth in section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added).

I.     18 U.S.C. § 3582(c)(2)

     A.     The Nature of a Motion for a Sentence Reduction

Section 3582(c)(2) invites a motion for a sentencing modification, not a new sentencing proceeding. <u>Dillon</u>, 560 U.S. at 825. These sentence-modification proceedings "are not constitutionally compelled" but rather represent "a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments." <u>Id.</u> at 828. It follows that the requirements imposed on the court at these proceedings cannot be greater than those imposed at an original sentencing. When a district court initially imposes a sentence within the proper

- 6 -

guidelines range it must "state in open court the reasons for its imposition of the particular sentence."  18 U.S.C. § 3553(c).  Section 3553(c) does not go so far as to require the court to address every material, nonfrivolous argument raised by the defendant.  See, e.g., United States v. Ruiz-Terrazas, 477 F.3d 1196, 1199 (10th Cir. 2007) (A district court must "provide only a general statement of the reasons for its imposition of the particular sentence.") (internal citations and quotation marks omitted); United States v. Middagh, 594 F.3d 1291, 1296 (10th Cir. 2010) ("The extent of explanation necessary to satisfy § 3553(c) will depend on the circumstances.  The more obvious the reasons for the sentence, the less the need to announce them.").  There is no support for the suggestion that the court's task is greater when a motion for a sentence reduction is filed.

B.      Relevant Statutory Requirements

The language of 18 U.S.C. § 3582(c)(2) is clear — it requires the court to *consider* the factors in 18 U.S.C. § 3553(a).  It does not mention § 3553(c).  This omission is significant because we have previously interpreted the meaning of both subsections, holding that § 3553(a) requires consideration, while § 3553(c) requires an explanation of the sentence.  Ruiz-Terrazas, 477 F.3d at 1201.  Congress incorporated only one of these distinct requirements into § 3582(c)(2) — the requirement to consider the § 3553(a) factors.  Without the incorporation of § 3553(c), this statutory language cannot be the basis of a requirement for a detailed explanation that addresses every nonfrivolous, material argument raised

by a defendant.

C.    Sentencing Guidelines Policy Statements

In addition to considering the § 3553(a) factors, a court must determine whether granting a reduction is "consistent with applicable policy statements issued by the Sentencing Commission" — namely, § 1B1.10.  18 U.S.C. § 3582(c)(2).  Section 1B1.10 cmt (1)(B) instructs that the court *shall* consider § 3553(a) factors and *shall* consider the nature and seriousness of the danger to the community.  U.S.S.G. § 1B1.10 cmt. n.1(B)(i)-(ii) (2014) (emphasis added). The third subsection of the policy statement uses different language, stating the "court *may* consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment."  Id. § 1B1.10 cmt (1)(B)(iii) (emphasis added).  This contrasting language indicates that while the court certainly may consider the post-sentencing conduct of a defendant, it is not required to do so. Moreover, like the language in the statute itself, the policy requires only consideration, not explanation, by the court.

II.    General Policy Supporting Explanation

We recognize the need for a district court to create a meaningful basis for appellate review and to promote the perception of fairness, especially when a defendant is initially sentenced.  See Gall v. United States, 552 U.S. 38, 50 (2007).  These interests, however, can be satisfied without discussing each and every argument raised by a defendant.  Here it is apparent that the district courts

were aware of the broad, policy-based arguments urged by the defendants, discussing only a few of them.

We recognize that other circuits have imposed greater burdens on district courts, requiring them to provide some basis for their ruling. The majority of cases, however, only go so far as to require a judge to give some explanation of the decision, not to explicitly reject the defendant's nonfrivolous arguments. See, e.g., United States v. Howard, 644 F.3d 455, 459-61 (6th Cir. 2011); United States v. Burrell, 622 F.3d 961, 964 (8th Cir. 2010); United States v. Marion, 590 F.3d 475, 478 (7th Cir. 2009). But see United States v. Trujillo, 713 F.3d 1003, 1009 (9th Cir. 2013). Providing a reason for the decision is an entirely different proposition than addressing every argument set forth by a defendant. While providing a rationale for the court's decision certainly aids in appellate review, we find no basis to impose upon the district court a requirement to address every nonfrivolous, material argument raised by the defendant. Here, it is apparent that the district courts were not persuaded by the general and largely policy-based arguments of the defendants, discussing only a few. Such an approach does not constitute an abuse of discretion.

AFFIRMED.