FILED
United States Court of Appeals
Tenth Circuit

June 10, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL D. SUMMERS,

Defendant - Appellant.

No. 15-5101
(D.C. No. 05-CR-00091-TCK-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.[**]

Defendant-Appellant Michael Summers appeals from the denial of his motion to modify his sentence under 18 U.S.C. § 3582(c)(2). Mr. Summers' guideline range was affected by the enactment of U.S.S.G. Amendment 782 — changing it from 360 months[1]–life to 235–293 months. Mr. Summers filed a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] At sentencing, the court determined Mr. Summers' appropriate sentence was 360 months, however it reduced that sentence by 31 months to give credit for

motion for modification of sentence, asking the court to reduce his original within-guidelines sentence to reflect the change in the guidelines. The district court noted the Probation Office advised that Mr. Summers might be eligible for a reduction, appointed the Federal Public Defender to represent him, and ordered the government to show cause why the sentence should not be reduced. The district court then summarily denied the motion, stating it considered the policy statements set forth in U.S.S.G. § 1B1.10 and the sentencing factors in 18 U.S.C. § 3553(a). United States v. Summers, No. 05-CR-091-001-TCK (N.D. Okla. Oct. 5, 2015). Mr. Summers appeals this denial, claiming "[t]he absence of any specific findings [by the district court] fell short of the legal requirements of an adequate explanation." Aplt. Br. at 5. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

We review the scope of a district court's authority under § 3582(c)(2) de novo. United States v. Rhodes, 549 F.3d 833, 837 (10th Cir. 2008). A decision to deny a motion for a sentence reduction is reviewed for an abuse of discretion. United States v. Sharkey, 543 F.3d 1236, 1238 (10th Cir. 2008).

Section 3582(c)(2) allows a district court to reduce a sentence "based on a sentencing range subsequently lowered by the Commission." Dillon v. United States, 560 U.S. 817, 826 (2010). "[T]he court *may* reduce the term of imprisonment, after *considering* the factors set forth in section 3553(a) . . . if such

time the defendant spent in custody on a related conviction.

a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added).

"The language of 18 U.S.C. § 3582(c)(2) is clear — it requires the court to *consider* the factors in 18 U.S.C. § 3553(a)." United States v. Verdin-Garcia, – F.3d –, 2016 WL 3126204, at *2 (10th Cir. June 3, 2016). There is no additional requirement that the court create an extensive record containing the rationale for its ruling. The core of Mr. Summers' argument is that "a defendant's non-frivolous argument . . . triggers a duty to make a record demonstrating that the court considered whether the guideline sentence conforms to the statutory factors in the circumstances of the case." Aplt. Br. at 5. In this case, the order admittedly was brief. It contained summary language, stating it considered the relevant statutes and denied the motion. Summers, No. 05-CR-091-001-TCK. This, however, is all that § 3582(c)(2) requires. The court clearly indicated it considered the relevant factors. It was under no obligation to address each of Mr. Summers' nonfrivolous arguments.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 3 -