**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SHAWN LA'VELLE ROLLINS, a/k/a
Sean Lavelle Rollins, a/k/a "Inch," a/k/a
"Critical," a/k/a "Smurf," a/k/a "G Rock,"
a/k/a Michael Williams, a/k/a Shawn
Lavelle Rollios,

    Defendant - Appellant.

No. 17-1226
(D.C. No. 1:06-CR-00240-REB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

    Defendant Shawn La'Velle Rollins appeals a decision of the United States District

Court for the District of Colorado denying his motion under 18 U.S.C. § 3582(c)(2) for a

sentence reduction. Because the Sentencing Guidelines amendment on which he relies is

not retroactive, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

In 2007 Defendant agreed to plead guilty to six counts of bank robbery. *See* 18 U.S.C. § 2113(a). As part of the plea bargain the parties agreed that Defendant qualified as a career offender under USSG § 4B1.1(a),[1] that his offense level was 29, that his career-offender status gave him a criminal-history category of VI, and that his resulting guideline sentencing range was 151 to 188 months in prison. The district court imposed a sentence of 188 months.

In March 2017 Defendant filed a motion under § 3582(c)(2) for a sentence modification. He relied on Amendment 798 to the Sentencing Guidelines, which (among other things) eliminated the residual clause from the crime-of-violence definition used to determine whether a defendant is a career offender. He argued that Amendment 798 should apply retroactively to his case because of *Teague v. Lane*, 489 U.S. 288 (1989), and that under the present crime-of-violence definition, two of his prior convictions (for escape under Colorado law) could not be crimes of violence. The upshot, he maintained, was that he was no longer a career offender and thus merited a sentence reduction. In response, the government argued that "[u]ntil the [Sentencing] Commission makes Amendment 798 retroactive . . . , [Defendant] is not eligible for a sentencing reduction based on his present claim." R. at 61. The district court denied Defendant's motion, stating that it was doing so "[f]or the reasons set forth in the government's response." *Id.* at 67. Defendant appealed.

---

[1] The record and briefing do not specify which version of the Guidelines Manual governed Defendant's sentencing. Because the district court sentenced Defendant in January 2008, we assume that it used the 2007 edition.

We review de novo the scope of a district court's authority to reduce a sentence under § 3582(c)(2). *See United States v. Chavez-Meza*, 854 F.3d 655, 657 (10th Cir. 2017). We review a district court's decision to deny a § 3582(c)(2) motion for an abuse of discretion. *See id.*

Ordinarily, once a district court imposes a prison term, it may not modify that term. But there are a few exceptions. The one invoked by Defendant states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , upon motion of the defendant . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The government argues that reducing Defendant's sentence would be inconsistent with the Sentencing Commission's "applicable policy statements." The governing policy statement here is USSG § 1B1.10. Regarding retroactivity, it states that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . none of the amendments listed in [§ 1B1.10(d)] is applicable to the defendant . . . ." *Id.* § 1B1.10(a)(2). Amendment 798 is not on the § 1B1.10(d) list. *See* USSG § 1B1.10(d). Reducing Defendant's sentence based on Amendment 798 would thus be inconsistent with applicable policy statements.

Defendant argues that the Sentencing Commission "failed in its duty and/or overstepped the bounds of its authority" by not making Amendment 798 retroactive.

Aplt. Br. at 3.  He contends that *Teague* dictates that Amendment 798 be retroactive.  Not

so.  *Teague* addresses the retroactivity of new *constitutional* rules of criminal procedure.

*See, e.g.*, *Teague*, 489 U.S. at 310 ("Unless they fall within an exception to the general

rule, *new constitutional rules of criminal procedure* will not be applicable to those cases

which have become final before the new rules are announced." (emphasis added));

*United States v. Chang Hong*, 671 F.3d 1147, 1159 (10th Cir. 2011) ("The *Teague*

framework exists to promote the finality of convictions by shielding them from collateral

attacks mounted on *new procedural rules of constitutional law*.") (emphasis added)).

Sentencing Guideline amendments are not new constitutional rules.  Defendant points to

no case law suggesting that *Teague* applies to guidelines amendments.  This is

unsurprising, given the Supreme Court's post-*Teague* statement that it is "aware of no

constitutional requirement of retroactivity that entitles defendants sentenced to a term of

imprisonment to the benefit of subsequent Guidelines amendments."  *Dillon v. United

States*, 560 U.S. 817, 828 (2010); *cf. United States v. Verdin-Garcia*, 824 F.3d 1218,

1221 (10th Cir. 2016) ("[S]entence-modification proceedings [under § 3582(c)(2)] are

not constitutionally compelled but rather represent a congressional act of lenity intended

to give prisoners the benefit of later enacted adjustments." (internal quotation marks

omitted)), *cert. denied*, 137 S. Ct. 2263 (2017).  *Teague* does not require the retroactivity

of Amendment 798, so Defendant cannot claim the benefit of that amendment.[2]

---

[2]  Defendant has moved to proceed in forma pauperis on appeal. To do so, Defendant
must show "a financial inability to pay the required filing fees and the existence of a rea-
soned, nonfrivolous argument on the law and facts in support of the issues raised on ap-

We **AFFIRM** the district court's denial of Defendant's § 3582(c)(2) motion and

**DENY** Defendant's motion to proceed in forma pauperis.

Entered for the Court


Harris L Hartz
Circuit Judge

---

peal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (brackets and internal quotation marks omitted). Because Defendant's Amendment 798 argument is frivolous, we deny his motion to proceed in forma pauperis.