**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 21, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HUGO CHAVEZ-CADENAS,

Defendant - Appellant.

No. 21-3156
(D.C. No. 2:09-CR-20005-DDC-10)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Hugo Chavez-Cadenas, proceeding pro se,[1] appeals the district court's order

denying his request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as

amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. For the

reasons explained below, we affirm.

---

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] We construe Chavez-Cadenas's pro se brief liberally, but we do not act as his advocate. _Yang v. Archuleta_, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## Background

In 2010, Chavez-Cadenas pleaded guilty to conspiring to distribute and possess with intent to distribute more than 500 grams of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846. Chavez-Cadenas's original sentencing range under the United States Sentencing Guidelines (the Guidelines) was 360 months to life. The district court sentenced him to 360 months in prison, followed by five years of supervised release. The United States Sentencing Commission later retroactively amended the Guidelines range for Chavez-Cadenas's offense, and Chavez-Cadenas sought and obtained a reduced sentence at the low end of his new Guidelines range, 292 months. *See* § 3582(c)(2) (providing that district "court may reduce the term of imprisonment" for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission"). "Chavez-Cadenas's projected release date is January 23, 2030." R. vol. 1, 247.

In January 2021, Chavez-Cadenas filed a motion seeking compassionate release under § 3582(c)(1)(A)(i) based on various medical conditions (including diabetes, hypertension, and obesity) that he contends place him at greater risk of complications if he were to contract COVID-19.[2] In response, the government

---

[2] This is Chavez-Cadenas's fourth such motion since the start of the COVID-19 pandemic. The district court denied Chavez-Cadenas's first and third motions for failure to exhaust as required by § 3582(c)(1)(A). It rejected the second (which was the only motion Chavez-Cadenas filed with the assistance of counsel) after concluding that Chavez-Cadenas could not show extraordinary and compelling reasons and that the sentencing factors did not warrant a sentence reduction. Chavez-

conceded that Chavez-Cadenas's medical conditions established extraordinary and compelling reasons supporting compassionate release but argued that the sentencing factors set forth in 18 U.S.C. § 3553(a) weighed heavily against release and compelled denial of the motion. The district court agreed. It acknowledged that Chavez-Cadenas had exhausted his administrative remedies and further assumed that extraordinary and compelling reasons for a reduction existed, but it denied the motion based on the § 3553(a) factors.

Chavez-Cadenas appeals. Our review is for abuse of discretion. *United States v. Mannie*, 971 F.3d 1145, 1155 (10th Cir. 2020).

## Analysis

Chavez-Cadenas argues that the district court erred in denying his compassionate-release motion. Under the plain language of § 3582(c)(1)(A)(i), a district court may grant a motion for a sentence reduction only if three requirements are met: (1) extraordinary and compelling reasons warrant the reduction; (2) the reduction is consistent with the Sentencing Commission's applicable policy statements; and (3) consideration of the § 3553(a) factors warrants a reduction. *See United States v. McGee*, 992 F.3d 1035, 1042–43 (10th Cir. 2021). As we have previously explained, the Sentencing Commission's existing policy statement only applies to motions filed by the Director of the Bureau of Prisons. *Id.* at 1050. Thus, the second requirement is not relevant when, like here, the defendant has moved for

---

Cadenas did not appeal any of these prior denials, though he did unsuccessfully seek reconsideration after the district court denied his second motion.

compassionate release. *See id.* Moreover, because the district court assumed that Chavez-Cadenas's medical conditions, in combination with the COVID-19 pandemic, constituted extraordinary and compelling reasons, the § 3553(a) factors are the only relevant consideration on appeal.[3]

Section 3553(a) directs a sentencing court to consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(1), (6). It further emphasizes "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; the sentence should also "afford adequate deterrence to criminal conduct, . . . protect the public from further crimes of the defendant[,] and . . . provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." § 3553(a)(2). "Because the weighing of the § 3553(a) factors is committed to the discretion of the district court, we cannot reverse 'unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'" *United States v. Hald*, 8 F.4th 932, 949–50 (10th Cir.) (quoting

---

[3] In light of the district court's assumption on this point, we reject Chavez-Cadenas's argument that the district court abused its discretion in failing to find extraordinary and compelling reasons. The district court assumed such reasons existed, so it could not have abused its discretion in failing to find such reasons.

4

*United States v. Chavez-Meza*, 854 F.3d 655, 659 (10th Cir. 2017), *aff'd*, 138 S. Ct. 1959 (2018)) *petition for cert. filed* (U.S. Dec. 15, 2021) (No. 21-6594).

Here, the district court held that the § 3553(a) factors did not warrant granting compassionate release. In reaching this conclusion, the district court found that because Chavez-Cadenas had 101 months until his release date, which represents about 34% of his modified 292-month sentence, granting his requested relief would significantly reduce the severity of his sentence. The district court further noted the seriousness of Chavez-Cadenas's underlying crime, citing both the large quantity of methamphetamine—in excess of 1.5 kilograms—attributable to Chavez-Cadenas and his managerial role in the conspiracy. Overall, the district court concluded that neither reducing Chavez-Cadenas's sentence to time served nor replacing his remaining 101-month sentence with home confinement would comport with the nature and circumstances of the offense, promote respect for the law, or provide just punishment for the offense.

On appeal, Chavez-Cadenas argues that the district court abused its discretion in balancing the § 3553(a) factors. But his arguments fail to establish "that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Hald*, 8 F.4th at 949–50 (quoting *Chavez-Meza*, 854 F.3d at 659). First, contrary to what Chavez-Cadenas asserts, the district court did expressly consider Chavez-Cadenas's rehabilitation efforts and family circumstances in its analysis of the § 3553(a) factors, including his educational achievements, his good

behavior in prison, and his mother's deteriorating health; it simply found these factors outweighed by other considerations.

Next, Chavez-Cadenas contends that the district court erred in failing to consider that he is subject to an Immigration and Customs Enforcement (ICE) detainer. District courts considering compassionate release have taken varying approaches when a defendant is subject to an ICE detainer. *See United States v. Hamidu*, No. 18-cr-00058-6, 2021 WL 2808721, at *4–5 (S.D. Ohio July 6, 2021) (collecting district-court cases and observing that some courts have found detainer to be insufficient reason to deny compassionate release and others have weighed detainer against release). We need not decide here which approach is most appropriate because, as he did below, Chavez-Cadenas fails to explain why his pending deportation supports compassionate release. Moreover, a district court need not expressly discuss every § 3553(a) factor or every fact a defendant marshals in support of a compassionate-release motion. *See Hald*, 8 F.4th at 948 (rejecting position "that the district court erred by failing to mention some of [defendant's] mitigation arguments" because district court's § 3582(c) decision need not be extremely detailed); *United States v. Piper*, 839 F.3d 1261, 1267 (10th Cir. 2016) (district court need not address "'every nonfrivolous, material argument raised by the defendant' in a § 3582(c)(2) proceeding" (quoting *United States v. Verdin-Garcia*, 824 F.3d 1218, 1222 (10th Cir. 2016))). We therefore see no abuse of discretion in the district court's failure to expressly address Chavez-Cadenas's ICE detainer.

6

Chavez-Cadenas also asserts that he played a minor role in the conspiracy compared to his codefendants, his crime was nonviolent, and he is serving a comparatively long sentence. But his minor-role assertion does not align with his sentencing enhancement for playing a managerial role in the conspiracy. Moreover, Chavez-Cadenas does not demonstrate that his sentence was incongruent with others who possessed similar records and were found guilty of similar conduct. *See* § 3553(a)(6). At best, he points to a district-court case where the defendant, who was charged with possession and intent to distribute more than 500 grams of cocaine, was sentenced to 188 months and was granted compassionate release after serving 85 months. *See United States v. Rountree*, 460 F. Supp. 3d 224, 227–28 (N.D.N.Y. 2020). But as to the initial sentence, Chavez-Cadenas ignores the fact that the defendant received a downward departure based on substantial assistance to the government. *See id.* at 228. And as to compassionate release, that the district court in *Rountree*—and in other district court cases that Chavez-Cadenas cites—found the § 3553(a) factors warranted compassionate release does not establish that the district court here abused its discretion in reaching the opposite conclusion. *See Hald*, 8 F.4th at 949 ("[T]he weighing of the § 3553(a) factors is committed to the discretion of the district court . . . ."). Finally, while it may be true that Chavez-Cadenas did not engage in violence in connection with the drug conspiracy and there is no identifiable victim, these facts standing alone do not alter the balance of the § 3553(a) analysis or cause us to question how the district court chose to weigh the severity of Chavez-Cadenas's crime in the § 3553(a) analysis.

In sum, having carefully considered Chavez-Cadenas's motion and the relevant portions of the record, we are not left with a definite and firm conviction that the district court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances. *Hald*, 8 F.4th at 949.

## Conclusion

Finding no abuse of discretion in the district court's careful § 3553(a) analysis, we affirm.

Entered for the Court

Nancy L. Moritz
Circuit Judge