FILED
United States Court of Appeals
Tenth Circuit

April 8, 2024

Christopher M. Wolpert
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JASON VINCENT BRADLEY,

     Defendant - Appellant.

No. 23-1223

_____

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 1:15-CR-00034-PAB-1)**

_____

Jess D. Mekeel, Assistant United States Attorney (Cole Finegan, United States Attorney, and Kyle Brenton, Assistant United States Attorney, on the brief), District of Colorado, Denver, Colorado, for Plaintiff-Appellee.

Eric K. Klein of Johnson & Klein, PLLC, Boulder, Colorado, for Defendant-Appellant.

_____

Before **TYMKOVICH**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.

_____

**ROSSMAN**, Circuit Judge.

_____

     Jason Vincent Bradley moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The district court denied the motion based on the 18

U.S.C. § 3553(a) factors. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

In April 2015, Mr. Bradley was convicted after pleading guilty to one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1); two counts of possession of a controlled substance with the intent to distribute in violation of 18 U.S.C. § 841(a)(1); and one count of knowingly possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). In January 2017, the district court imposed concurrent 120-month sentences on the first three counts and a consecutive 60-month sentence on the fourth count, followed by three years of supervised release to run concurrently on each count.

In May 2021, Mr. Bradley filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). R.II at 38. He sought a reduction of his sentence "to time-served followed by a period of supervised release with conditions determined appropriate by the Court." R.II at 38. Mr. Bradley offered two extraordinary and compelling reasons for compassionate release. He needed to care for his minor children because his mother—the children's primary caretaker—was in "seriously ill health." R.II at 39. And his own health conditions—hypertension, sleep apnea, and obesity—put

2

him at increased risk of serious illness from COVID-19. The government opposed the motion, contending both that Mr. Bradley failed to present extraordinary and compelling reasons and that the 18 U.S.C. § 3553(a) factors weighed against compassionate release.

The district court denied relief. "Mr. Bradley represents that extenuating circumstances with his family, his health and the COVID-19 pandemic demonstrate extraordinary and compelling reasons justifying compassionate release," the district court acknowledged. R.I at 97. But "[e]ven if Mr. Bradley demonstrates extraordinary and compelling reasons based on incapacitation of the caregiver for his minor children," the district court explained, "the § 3553(a) factors do not support a sentence reduction." R.I at 99.

Mr. Bradley timely appealed. He makes two arguments, both challenging aspects of the district court's inquiry under § 3553(a). First, he contends the district court erred by failing to consider his proffered extraordinary and compelling reasons for release as part of its § 3553(a) analysis. Second, he insists the district court mistakenly evaluated the § 3553(a) factors without accounting for his post-sentencing conduct and rehabilitation. As we explain, Mr. Bradley has waived his first argument, and his second argument is unavailing.

## II

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman* v. *United States*, 564 U.S. 522, 526 (2011) (internal quotation marks and citation omitted). "One such exception is contained in [18 U.S.C.] § 3582(c)(1)." *United States* v. *McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021).

Under § 3582(c)(1)(A), a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . it finds that extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The statute thus creates a "three-step test": a district court must (1) "find whether extraordinary and compelling reasons warrant a sentence reduction"; (2) "find whether such reduction is consistent with applicable policy statements issued by the Sentencing Commission";[1] and (3) "consider

---

[1] Following Congress's enactment of the First Step Act of 2018, § 3582(c)(1)(A) authorizes motions for compassionate relief brought by either a defendant or the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). Until November 1, 2023, however, the relevant United States Sentencing Guidelines policy statement did not acknowledge compassionate release motions brought by defendants. *See United States* v. *McGee*, 992 F.3d 1035, 1048 (10th Cir. 2021) (noting "[t]he Sentencing Commission's [then-]most recent policy statement regarding sentencing

any applicable 18 U.S.C. § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *United States* v. *Hald*, 8 F.4th 932, 937–38 (10th Cir. 2021) (quoting *McGee*, 992 F.3d at 1042) (alterations omitted).[2]

"To *grant* a motion for compassionate release, . . . the district court 'must of course address all three steps.'" *Hald*, 8 F.4th at 938 (quoting *McGee*, 992 F.3d at 1043). However, "[i]f the most convenient way for the district court to dispose of a motion for compassionate release is to reject it

---

reductions under § 3582(c)(1) was promulgated on November 1, 2018" and only described compassionate release motions brought by "the Director of the Bureau of Prisons" (citing U.S.S.G § 1B1.13)). Thus, we concluded "the Sentencing Commission's [2018] policy statement is applicable only to motions for sentence reductions filed by the Director of the Bureau of Prisons, and not to motions filed directly by defendants." *McGee*, 992 F.3d at 1050.

However, effective November 1, 2023, the United States Sentencing Commission amended the Guidelines to reflect that compassionate release motions may be brought by either the Director of the Bureau of Prisons or the defendant. U.S.S.G. § 1B1.13(a). The Sentencing Commission's existing policy statement is now plainly applicable to motions for sentence reductions filed by either the Director of the Bureau of Prisons or a defendant.

[2] For motions filed directly by defendants, the statute requires them to have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A). Here, the parties do not dispute Mr. Bradley exhausted his administrative remedies before filing his motion.

for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied." *Id.* at 942–43. Thus, "district courts may deny compassionate-release motions when any of the three prerequisites . . . is lacking and do not need to address the others." *McGee*, 992 F.3d at 1043 (quoting *United States* v. *Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

We review a district court's order on a motion for compassionate release for abuse of discretion. *United States* v. *Mannie*, 971 F.3d 1145, 1147–48 (10th Cir. 2020). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *United States* v. *Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021) (quoting *United States* v. *Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013)); *see also United States* v. *Lopez-Avila*, 665 F.3d 1216, 1219 (10th Cir. 2011) ("An error of law is per se an abuse of discretion.").

## A

### 1

Mr. Bradley first contends the district court abused its discretion by denying relief under the § 3553(a) factors "without considering the facts that would justify a finding of extraordinary and compelling reasons." Opening Br. at 9. He acknowledges "a district court need not make a finding regarding extraordinary and compelling reasons in order to deny a request

for compassionate release." Opening Br. at 9. But by "fail[ing] to consider the facts supporting extraordinary and compelling reasons for release" within its § 3553(a) analysis, he maintains, the district court committed legal error under *Hald*. Opening Br. at 9–10 (citing *Hald*, 8 F.4th at 947). As we explain, this argument is waived.

Mr. Bradley's argument proceeds from a correct understanding of the applicable law. *Hald* held district courts may dispose of a motion for compassionate release at any of the three statutory steps, but the opinion also emphasized what the panel was not holding. "[W]e are not saying that a court can deny compassionate-release relief on the ground that release is not appropriate under § 3553(a) if the court has not considered the facts allegedly establishing extraordinary and compelling reasons for release." *Hald*, 8 F.4th at 947. And *Hald* made clear "the facts allegedly establishing extraordinary and compelling reasons for release . . . . are relevant to the § 3553(a) analysis." *Id.* at 943.[3]

---

[3] The government suggests Mr. Bradley overreads *Hald*. *See* Answer Br. at 16–17. But we see nothing in *Hald* suggesting district courts may deny compassionate release under § 3553(a) without considering the extraordinary and compelling reasons proffered by the defendant. *Hald* instructs just the opposite. That is not to say—nor does Mr. Bradley contend—a district court must recite magic words to show it fulfilled its responsibility. *See, e.g., United States* v. *Wilson*, No. 20-1324, 2021 WL 4859690, at *3 (10th Cir. Oct. 19, 2021) (refusing to read *Hald* "as imposing a requirement that the district court *expressly* consider 'the facts allegedly establishing extraordinary and compelling reasons for release' in its

Mr. Bradley asserted two extraordinary and compelling reasons warranted compassionate release: the need to care for his minor children due to the illness of their primary caretaker and his own compromised health. As the government persuasively argues, "[t]he problem for Mr. Bradley is that he never actually asked the court to consider those facts as part of the § 3553(a) analysis." Answer Br. at 13. Indeed, "completely absent" from the § 3553(a) portion of Mr. Bradley's compassionate release motion "is any discussion of his mother's health, his children's care, or his own health, or any argument at all for how these facts should weigh into the § 3553(a) analysis." Answer Br. at 13. Our review confirms as much. We thus conclude Mr. Bradley forfeited his argument that the district court committed error under *Hald*. *See United States* v. *Leffler*, 942 F.3d 1192,

---

§ 3553(a) analysis" (emphasis added) (quoting *Hald*, 8 F.4th at 947)); *United States* v. *McClaflin*, 939 F.3d 1113, 1121 (10th Cir. 2019) ("With respect to the § 3553(a) factors, '[w]e do not require a ritualistic incantation to establish consideration of a legal issue, nor do we demand that the district court recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider.'" (quoting *United States* v. *Lopez-Flores*, 444 F.3d 1218, 1223 (10th Cir. 2006))); *see also United States* v. *Slinkard*, 61 F.4th 1290, 1295 (10th Cir. 2023) ("We do not require sentencing courts to use magic words in supporting the sentences they hand down."). Even if the district court does not expressly state it has considered the proffered extraordinary and compelling reasons when denying compassionate release under § 3553(a), *see* § 3582(c)(1)(A), the record must permit the conclusion the court actually did so. Because Mr. Bradley waived the issue, however, we consider it no further here.

1196 (10th Cir. 2019) ("When a party fails to raise an argument below, we typically treat the argument as forfeited.").

Mr. Bradley insists, however, the argument is preserved. He says he "drew the district court's attention to the need to consider the § 3553(a) factors" and "argue[d] the impact of the extraordinary and compelling circumstances on the § 3553(a) factors, such as the seriousness of the offense and the likelihood of recidivism." Reply Br. at 3–4. In support of this contention, Mr. Bradley points us to two places in the record.[4] First, Mr. Bradley references the conclusion section of his compassionate release motion, which states in full,

> The circumstances presented here are extraordinary and compelling. Mr. Bradley's mother is no longer able to care for his children. And she no longer has another family member to assist her. As Mr. Bradley said to the Court, "Sir[,] I do not want to see my children get split up and put in the system for my mistakes."
>
> If released, Mr. Bradley will become the primary caregiver for his children. While he will certainly

---

[4] "To avoid us treating a claim as forfeited or waived, an appellant's opening brief must 'cite the precise references in the record where the issue was raised and ruled on' in the district court." *United States* v. *Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019) (quoting 10th Cir. R. 28.1(A)). To that end, we primarily focus our analysis on the portions of the record identified by Mr. Bradley purporting to show he preserved this issue for appeal. *See id.* ("If an appellant fails to satisfy this requirement, we may assume the appellant did not preserve the issue for appeal and refuse to review the alleged error."). But we also have reviewed the entire appellate record in considering and resolving the arguments before us.

9

find employment, his main task will be caring for these four minor children. He will live at his mother's home along with his children, and he will provide assistance to his mother, as well.

Release of Mr. Bradley under the compassionate release statute would not diminish the seriousness of the offense of conviction, but rather would fulfill Congress's intent in offering courts greater flexibility to reduce sentences when change circumstances justify a second look. Here, the change in Mr. Bradley's family circumstances warrant a reduced sentence. If the Court wishes to impose additional conditions of supervised release— such as the period of home confinement—Mr. Bradley would have no objection.

R.II at 56–57 (internal citation omitted). Next, Mr. Bradley directs us to the final page of his reply to the government's response in the district court.[5] Reply Br. at 4 (citing R.II at 153–53[6]). In that filing, Mr. Bradley stated he "has served a very significant amount of time. His children need him—not in an emotional sense but in a sense that they need an adult to take care of

---

[5] Mr. Bradley filed nine supplements in support of his motion for compassionate release in the district court, which often "provide[d] the Court with . . . additional information" or updates about his mother's health condition. *See, e.g.*, R.II at 145.

[6] Mr. Bradley cited pages "153–53" of the appellate record in support of his assertion he preserved this issue for appeal. *See* Reply Br. at 4. It appears likely he meant to cite a page range, so we have interpreted this citation by Mr. Bradley as referring to pages 152–53 of the record. This reading brings into consideration all of his concluding remarks from the district court brief he cited.

them. These are extraordinary and compelling circumstances justifying compassionate release." R.II at 152–53.

We do not see how either passage supports Mr. Bradley's contention that he "did argue the impact of the extraordinary and compelling circumstances on the § 3553(a) factors" in the district court. Reply Br. at 3–4. His record citations suggest he argued the existence of extraordinary and compelling reasons, *see* § 3582(c)(1)(A)(i), from which Mr. Bradley *could have* formulated arguments connecting those reasons to the § 3553(a) factors and the district court's obligation under *Hald, see* § 3582(c)(1)(A). Mr. Bradley did not do so.[7] As the government correctly observes, "Bradley certainly could have made those arguments below, and he does so explicitly now. But including those arguments in his opening brief on appeal does not

---

[7] We are unpersuaded by Mr. Bradley's apparent alternative argument that he could not raise this issue in the district court because "[i]t was not until the district court issued its order that Mr. Bradley learned [it] conducted a flawed analysis of the § 3553(a) factors in the context of the compassionate-release motion." Reply Br. at 4. As Mr. Bradley acknowledges, he needed to "alert the court to the issue and seek a ruling." *United States* v. *Ansberry*, 976 F.3d 1108, 1124 (10th Cir. 2020) (quoting *Harris* v. *Sharp*, 941 F.3d 962, 979 (10th Cir. 2019)); *see also* Reply Br. at 4 (acknowledging "the . . . question regarding preservation of appellate review is whether the district court was adequately alerted to the issue"). Mr. Bradley notes his motion for compassionate release was pending for "more than two years" and in that time, he filed nine supplements in support of his motion. Reply Br. at 4; Opening Br. at 3. He had ample opportunity to advance arguments about "the impact of the [allegedly] extraordinary and compelling circumstances on the § 3553(a) factors" in the district court. *See* Reply Br. at 7.

11

turn back the clock and place them properly before the district court in June of 2023." Answer Br. at 14.

Despite the forfeiture, and the government's arguments about plain error, Mr. Bradley does not ask us to engage in plain error review. Instead, he insists "[t]he doctrine of waiver has no applicability to this case." Reply Br. at 1. We disagree.

Mr. Bradley has advanced a legal argument—whether the district court complied with *Hald*—not exempt from traditional preservation rules. A contrary holding would suggest district courts have an independent obligation to anticipate and address arguments not raised by counsel. To be sure, "[t]he ultimate responsibility for the effective working of the adversary system rests with the judge." *United States* v. *Chavez*, 976 F.3d 1178, 1199 n.14 (10th Cir. 2020) (citation omitted). But a judge is not an advocate. Rather, the adversarial system "rel[ies] on the parties to frame the issues for decision and assign[s] to courts the role of neutral arbiters of matters the parties present." *United States* v. *Sineneng-Smith*, 590 U.S. 371, 375 (2020) (quoting *Greenlaw* v. *United States*, 554 U.S. 237, 243 (2008)) (reaffirming principle of party presentation).[8]

---

[8] Mr. Bradley also says he "preserved this issue by filing his Motion for Compassionate Release, Replies, and Supplements [to the motion]." Opening Br. at 7. He seems to suggest district courts know what their obligations are when adjudicating motions for compassionate release, and

Mr. Bradley did not present in district court the argument he now says compels reversal, and he does not seek plain error review. "When an appellant fails to preserve an issue and also fails to make a plain-error argument on appeal, we ordinarily deem the issue waived (rather than merely forfeited) and decline to review the issue at all—for plain error or otherwise." *Leffler*, 942 F.3d at 1196; *see also United States* v. *Wright*, 848 F.3d 1274, 1281 (10th Cir. 2017) ("[W]e have repeatedly declined to consider arguments under the plain-error standard when the defendant fails to argue plain error."). This general rule applies—and controls—in Mr. Bradley's case. *See United States* v. *Lamirand*, 669 F.3d 1091, 1098 (10th Cir. 2012) ("Mr. Lamirand has not asked us to review his late-blooming

---

those obligations are triggered when a motion is filed. This argument misunderstands the law.

It is true "[w]e traditionally presume, absent some indication in the record suggesting otherwise, that '[t]rial judges are presumed to know the law and apply it in making their decisions.'" *United States* v. *Ruiz-Terrazas*, 477 F.3d 1196, 1201 (10th Cir. 2007) (quoting *United States* v. *Russel*, 109 F.3d 1503, 1512 (10th Cir. 1997)). But this background norm should be read in harmony with well-settled preservation doctrine. "[A] party does not preserve an issue merely . . . by presenting the issue to the district court in a vague and ambiguous manner . . . [or] by making a fleeting contention before the district court." *Ansberry*, 976 F.3d at 1125 (quoting *U.S. Aviation Underwriters, Inc.* v. *Pilatus Bus. Aircraft, Ltd.*, 582 F.3d 1131, 1142 (10th Cir. 2009)). Rather, in order to preserve an issue for appeal, a party needs "to alert the court to the issue and seek a ruling." *Id.* at 1124 (quoting *Harris*, 941 F.3d at 979). Here, we cannot say simply filing a motion for compassionate release preserved the specific appellate issue Mr. Bradley now advances under *Hald*.

13

argument for plain error. Accordingly, we decline to do so and will not definitively opine on the merits of this argument.").

**B**

Mr. Bradley next contends the district court abused its discretion by failing to consider the impact of his "postsentencing conduct and rehabilitation" on whether he is an appropriate candidate for compassionate release. Opening Br. at 14. We are not persuaded.

"[A] district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion." *Concepcion* v. *United States*, 597 U.S. 481, 486–87 (2022). "Because district courts are always obligated to consider nonfrivolous arguments presented by the parties, the First Step Act requires district courts to consider intervening changes when parties raise them." *Id.* at 487. Even so, "the First Step Act does not compel courts to exercise their discretion to reduce any sentence based on those arguments." *Id.*

The parties do not dispute that Mr. Bradley placed his post-sentencing rehabilitation before the district court. In his motion for compassionate release, Mr. Bradley asserted,

> Mr. Bradley has had the time to break old patterns, get education, and learn new skills. He has been incarcerated for six and a half years. During that time, he has been working from day one and has also gained certificates in many courses. Due to his behavior, in a short time, Mr. Bradley progressed from the most secure level of custody . . . down to the prison camp, where he enjoyed significant freedom. During his time [of incarceration], Mr. Bradley has received no discipline for violent or antisocial behavior. . . . Additionally, it cannot be ignored that Mr. Bradley at almost 40 years old presents a far lesser risk of recidivism than he did even at 34.

R.II at 50 (internal quotation marks and citation omitted). Nor do the parties dispute that under *Concepcion*, the district court had to consider the intervening changes of fact raised by Mr. Bradley. *See Concepcion*, 597 U.S. at 487. The only issue, then, is whether the district court actually did so.

Mr. Bradley contends the district court "analyz[ed] the § 3553(a) factors as frozen at the time of the 2015 sentencing." Opening Br. at 13; *see* § 3582(c)(1)(A). In his view, the district court "did not consider the significant mitigation" since the original sentencing, such as his age, more than eight years of sobriety, his exemplary conduct while incarcerated, his "rapid progression to a low custody level in the Bureau of Prisons," and his "consistent work" while incarcerated. Opening Br. at 13. The record shows otherwise.

Contrary to Mr. Bradley's assertions, the district court did not simply conclude "because the [original] sentence was appropriate in 2015, it

15

necessarily remained appropriate in 2023." *See* Reply Br. at 8. Rather, the district court carefully considered the post-sentencing changes of fact marshalled by Mr. Bradley in his compassionate release motion. "Although [Mr. Bradley] argues that he 'has had the time to break old patterns,'" the district court reasoned, "[t]here is no indication that Mr. Bradley would not recidivate if his sentence was reduced by more than four years," particularly because "his previous convictions did not alter his behavior." R.I at 100. Likewise, the district court rejected Mr. Bradley's argument "that, because he has spent a long time in prison, his sentence already reflects respect for the law and just punishment for the offense." R.I at 100. While "[i]t is true that seven years served is a significant amount of time," the court found the time served was only a "relatively short" portion of his "lengthy sentence." R.I at 100. Moreover, "the length of the sentence already served [does not] automatically demonstrate[] respect for the law and just punishment." R.I at 100. Otherwise, "anyone who serves a significant amount of time in prison could be eligible for compassionate release regardless of his crimes simply because he has served part of a long sentence."[9] R.I at 100.

---

[9] Mr. Bradley contends this statement by the district court erroneously holds "compassionate release can never be appropriate if the original sentence was supported by the § 3553(a) factors," rendering § 3582(c)(1)(A)(i) "a virtual nullity." Opening Br. at 15. But as the government correctly observes, "[t]he court ruled no such thing." Answer Br. at 20. The district court simply held the length of the sentence already

These findings by the district court respond directly to Mr. Bradley's contention that he had time to break old patterns in his then-six-and-a-half years of incarceration, as demonstrated by his conduct while incarcerated. *See* R.II at 50. On this record, therefore, we are satisfied the district court's analysis included the "intervening changes of law or fact" raised by Mr. Bradley, specifically, the "evidence of [Mr. Bradley's] rehabilitation since his . . . sentencing." *Concepcion*, 597 U.S. at 493, 500.

Mr. Bradley emphasized several facts to show his lower risk of recidivism. And he is correct that the district court did not individually address each fact in its order denying the compassionate release motion. But "[p]roviding a reason for [a] decision is an entirely different proposition than addressing every argument set forth by a defendant." *United States* v. *Verdin-Garcia*, 824 F.3d 1218, 1222 (10th Cir. 2016). "While providing a rationale for the court's decision certainly aids in appellate review, we find no basis to impose upon the district court a requirement to address every nonfrivolous, material argument raised by the defendant." *Id.* Here, it is apparent the district court did not accept Mr. Bradley's arguments, not that it failed to consider them.

---

served does not *on its own* demonstrate respect for the law and just punishment. R.I at 100.

**III**

The judgment of the district court is **AFFIRMED**.