**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 24, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES KEITH RUSSEY,

    Defendant - Appellant.

No. 24-6150
(D.C. No. 5:19-CR-00264-PRW-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Following a domestic dispute with his then-girlfriend, Defendant James Russey entered a blind plea to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant's advisory guideline range was 108 to 120 months' imprisonment. The district court sentenced Defendant to 108 months' imprisonment. We affirmed Defendant's sentence on direct appeal. *United States v. Russey*, No. 20-6036, 2021 WL 4979819 (10th Cir. 2021) (unpublished). Subsequently, the United States

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Sentencing Commission amended the guidelines (Amendment 821), reducing Defendant's guideline range. Based on a new advisory guideline range of 97 to 120 months' imprisonment, Defendant moved for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Subsection (c)(2) provides in relevant part that—

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , upon motion of the defendant . . . , the court *may* reduce the term of imprisonment, after *considering* the factors set forth in section 3553(a) to the extent they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(emphasis added).

The Government agreed that Defendant was eligible to move for a sentence reduction pursuant to subsection (c)(2) but nevertheless argued the district court, in its discretion, should deny his motion. The court thereafter denied the motion. The court's explanation for the denial was entered on a form issued by the Administrative Office of the United States Courts. The form order states that upon Defendant's motion—

> under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion and taking into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,
>
> IT IS ORDERED that the motion is: DENIED.

Under a subsection of the form order entitled "FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a)," the district court added:

2

Defendant James Keith Russey filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment 821 to the United States Sentencing Guidelines. The Court imposed a sentence within the amended guideline range, and Defendant has not presented any new circumstances warranting a sentence reduction.

On appeal, Defendant argues the district court failed to adequately explain its decision to deny Defendant's motion for a sentence reduction based on his post-sentencing diagnoses and rehabilitation. Specifically, Defendant points to a "psychological alcohol use disorder and moderate cannabis use disorder—not previously disclosed by the Presentence Investigation Report [PSR] or any party—laying at the root of his anger management issues and exploitive behavior leading to multiple domestic violence arrests[,]" including the arrest which led to his present conviction for unlawful possession of a firearm. Aplt's Reply Br. at 5. We exercise jurisdiction under 28 U.S.C. § 1291. Our review is for an abuse of discretion. *United States v. Verdin-Garcia*, 824 F.3d 1218, 1221 (10th Cir. 2016). Because the sentencing judge's form order "set forth enough to satisfy . . . [us] that he . . . considered . . . [Defendant's] arguments and ha[d] a reasoned basis for exercising his own legal decisionmaking authority[,]" *Chavez-Meza v. United States*, 585 U.S. 109, 113 (2018) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)), we summarily affirm.

At the outset, we observe that because a motion for a sentence reduction under § 3582(c)(2) does not give rise to "a plenary resentencing proceeding," we "need not turn a blind eye" to the original sentencing proceeding, especially where, as here, the same judge that ruled on Defendant's § 3582(c)(2) motion sentenced him originally. *Id.* at 119. Regarding Defendant's substance "disorder," the PSR reported that Defendant "advised he

3

started drinking alcohol at age 18 but does not drink very often. He reported the last time he consumed alcohol was two years ago." PSR at 18. Furthermore, although Defendant admitted to using marijuana regularly at one time, he "indicated he last smoked marijuana two years ago." *Id.* Defendant "reported no other history of substance use." *Id.* Defendant's mother also reported that Defendant had probably tried marijuana and "may have a beer or two but is not a heavy drinker." *Id.* Notably, Defendant did not object to this portion of the PSR and at sentencing, the district court observed, absent any objection, that Defendant did not have "any issues" with drugs or alcohol. Sentencing Tr. at 17; s*ee United States v. Harris*, 447 F.3d 1300, 1306 (10th Cir. 2006) (noting that Fed. R. Crim. P. 32(i)(3)(A) permits a district court to "accept any undisputed portion of the presentence report as a finding of fact.").

Defendant now appears to want a second bite at the apple, in effect telling us that his substance abuse contributed in large part to his history of domestic violence and his most recent possession of a firearm. But Defendant points to nothing that requires a district court to "consider," let alone expressly address, post-sentencing medical diagnoses or rehabilitation before denying a § 3582(c)(2) motion. While the applicable policy statement states that in ruling on such motion the court "*shall* consider" the § 3553(a) factors and the nature and seriousness of the danger to the community, the statement further states that the court "*may* consider post-sentencing conduct of the defendant." U.S.S.G. § 1B1.10 cmt. 1(B) (2018) (emphasis added); *see Verdin-Garcia*, 824 F.3d at 1221–22. The district court's form order states that the court "considered" Defendant's motion, "taking into account" § 3553(a)'s applicable sentencing factors and U.S.S.G. § 1B1.10's policy

4

statement.  In an uncomplicated case such as this, where Defendant "fails to raise novel or atypical arguments" as to the applicable sentencing factors or policy statement, and the district court's denial of the motion does not result in an above-guidelines sentence, this is all the law requires.  *See United States v. Solis-Rodriguez*, No. 24-2030, 24-2067, 2025 WL 785198, at *1 (10th Cir. 2025) (unpublished).[1]

AFFIRMED.

Entered for the Court

Bobby R. Baldock
United States Circuit Judge

---

[1] We deny Defendant's Motion to Strike Portions of the Record on Appeal as moot.