**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 30, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

SCOTT EAGLE,

　　Defendant - Appellant.

No. 24-7040
(D.C. No. 6:21-CR-00045-DCJ-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **CARSON**, and **FEDERICO**, Circuit Judges.
_____

In conceptually simple cases, district courts need not give extensive explanations for their sentencing choices. Although 18 U.S.C. § 3553(c)(1) requires courts articulate why they impose a sentence, they need not explain choosing a within-Guidelines sentence on an AO-247 form if they considered the relevant evidence and arguments. Here, the district court denied, with an AO-247 form order containing three paragraphs of explanation, Defendant's 18 U.S.C. § 3582(c)(2)

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

request for a sentence reduction. Although it granted his Motion for Sentence Reduction, it reimposed Defendant's original sentence, which was still within the modified Guidelines range—a choice well within its discretion. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

On March 15, Mark Nakedhead and another man came unannounced to Defendant Scott Eagle and Chasity Duncan's home. Nakedhead and Duncan were previously romantically involved. When Nakedhead refused the "dope pipe" Duncan offered him, Defendant asked, "You gonna pull a gun on me?" He then bashed Nakedhead's head multiple times with a metal bar. He also hit the other man multiple times with the bar.

Both Nakedhead and his companion survived the encounter but Nakedhead refused medical treatment until the next day. He died a week later after an unsuccessful craniotomy.

Defendant pled guilty to manslaughter in Indian country under 18 U.S.C. §§ 1112, 1151, and 1153, and firearm possession while a felon under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The presentence report calculated his total offense level as 27, with seven criminal history points, two status points, and a Category IV criminal-history score. The PSR recommended a 100–125 months' imprisonment Guidelines range. The district court sentenced Defendant to 100 months' imprisonment.

Defendant disputed his two status points and moved for a sentence reduction. The government agreed Defendant deserved a reduced criminal-history score and recalculated his Guidelines range as 87–108 months. The district court agreed to the change in Guidelines range, but because 100 months remained within the recalculated Guidelines range, it reimposed the 100-month sentence "due to the violent nature of the case." The district court reimposed the sentence using the AO-247 form with three paragraphs of explanation for its rationale, citing the 18 U.S.C. § 3553(a) factors.

Defendant challenges his sentence's procedural reasonableness and the district court's decision to reimpose an unreduced sentence.

II.

Defendant argues the district court imposed a procedurally unreasonable sentence by granting his Motion for Sentence Reduction but declining to reduce his sentence. We review for abuse of discretion a district court's decision to grant or deny a § 3582(c)(2) sentence-reduction motion. United States v. Chavez-Meza, 854 F.3d 655, 657 (10th Cir. 2017) (citing United States v. Verdin-Garcia, 824 F.3d 1218, 1221 (10th Cir. 2016), aff'd, 585 U.S. 109, 115 (2018)).

18 U.S.C. § 3582(c)(2) states "the court may reduce [a] term of imprisonment, after considering the factors set forth in [§] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." If the sentence is within the Guidelines range, the court must "state 'the reason for imposing a sentence at a particular point within the range.'"

3

Chavez-Meza v. United States, 585 U.S. 109, 112 (2018) (quoting 18 U.S.C.

§ 3553(c)(1)). When a matter is "conceptually simple" and "the record makes clear that

the sentencing judge considered the evidence and arguments," the judge need only "set

forth enough to satisfy the appellate court that he has considered the parties' arguments

and has a reasoned basis for exercising his own legal decisionmaking authority." Id. at

113 (quoting Rita v. United States, 551 U.S. 338, 358–59 (2007)).

Courts can easily satisfy this explanatory burden, particularly when imposing a

within-Guidelines sentence. Id.; see, e.g., Rita, 551 U.S. at 358 (holding that a district

judge sufficiently explained himself because he "listened to each argument," "considered

the supporting evidence," and deemed the sentence "appropriate"); Chavez-Meza, 854

F.3d at 658 (holding § 3582(c)(2) "imposes no particular requirement to provide the level

of explanation § 3553(c) requires"); United States v. Ruiz-Terrazas, 477 F.3d 1196, 1201

(10th Cir. 2007) (holding "nothing in [§] 3553(c) require[es] a specific explanation from

the district court of a sentence falling within the Guidelines range"). The district court

also did not have greater explanatory responsibilities just because it resentenced

Defendant. Chavez-Meza, 585 U.S. at 115 (quoting Dillon v. United States, 560 U.S.

817, 826 (2010)). District courts' explanatory responsibilities are no greater at sentence-

reduction hearings than at initial sentencings. Verdin-Garcia, 824 F.3d at 1221.

Here, the district court reimposed its 100-month sentence using a two-page

standard form, the AO-247. The district court explained:

> The Court finds that the [D]efendant does meet the criteria for a sentence
> reduction, pursuant to Amendment 821, however, the Court cannot justify a
> sentence at the low end of the amended guideline range of 87–108 months

4

due to the violent nature of the case. Therefore, the [D]efendant's original sentence of 100 months on Counts 1 and 2 will remain the same, which is still within the amended guideline range and the agreed upon sentencing range of 40–100 months in the Rule 11(c)(1)(C) plea agreement in this case.

In formulating the sentence imposed, the Court has considered the nature and circumstances of the offenses, as well as the characteristics and criminal history of the [D]efendant. While the Court recognizes that it is not bound by the sentencing guideline calculations, the Court has considered them and finds them to be advisory in nature. The Court notes for the record that this sentence is within the amended guideline imprisonment range determined pursuant to the United States Sentencing Commission's retroactive Amendment 821.

The sentence prescribed by the Court reflects the seriousness of the offenses, promotes respect for the law, and provides just punishment for the offenses. The sentence affords adequate deterrence to criminal conduct, protects the public from further crimes of this [D]efendant and provides correctional treatment for the defendant in the most effective manner. The Court has further determined that the sentence imposed is sufficient, but not greater than necessary, to meet the objectives set forth in 18 U.S.C. § 3553(a) factors.

The district court's explanation shows that the district court listened to the competing arguments, considered the relevant factors and circumstances, and made a reasoned decision. This level of detail exceeds § 3852(c)(2)'s threshold.

Our past cases reinforce this conclusion. Generally, if the district court considers the arguments and provides some explanation for its decision, it does not abuse its discretion. Verdin-Garcia, 824 F.3d at 1222; see, e.g., Ruiz-Terrazas, 477 F.3d at 1201; United States v. Algarate-Valencia, 550 F.3d 1238, 1244 (10th Cir. 2008) (quoting United States v. Hamilton, 510 F.3d 1209, 1218 (10th Cir. 2007)). In Chavez-Meza, the district court also used only the AO-247 form, and we affirmed because "a district court completing form AO-247 need not explain

choosing a particular guidelines-range sentence." 854 F.3d at 659; see United States v. Solis-Rodriguez, No. 24-2030, 2025 WL 785198, at *2 (10th Cir. Mar. 12, 2025) (affirming the district court's use of the checkboxes on an AO-247 form order).

Thus our precedent forecloses Defendant's procedural-unreasonableness argument. We accordingly reject it.

### III.

Defendant also argues the district court "refus[ed] to give any weight to a reduction of the guideline range because of the violent nature of [Defendant's] crime."

But this argument also is without merit. Even with the district court's Guidelines-range reduction, the 100-month sentence was still within the reduced range, so the district court had no increased duty to explain its sentence. As long as the sentence is within the Guidelines range, the same explanation duty applies regardless of whether the sentence is in the overall range's higher or lower reaches. Chavez-Meza, 585 U.S. at 112. The district court clearly "considered the nature and circumstances of the offenses, as well as the characteristics and criminal history of the defendant." It simply determined the case's violent circumstances warranted a 100-month within-Guideline sentence.

Although Defendant was probably *eligible* for a sentence reduction, he had no *right* to a reduction. United States v. Osborn, 679 F.3d 1193, 1196 (10th Cir. 2012). An "ameliorative amendment to the Guidelines in no way creates a right to sentence

reduction" because the Guidelines commit sentence reductions "to the sound discretion of the trial court." Id. (quoting United States v. Telman, 28 F.3d 94, 95 (10th Cir. 1994)). The district court could have thus reduced or let stand Defendant's sentence. It did not abuse its discretion by declining to reduce Defendant's sentence or by giving a deficient sentence-reimposition explanation.

AFFIRMED.

Entered for the Court

Joel M. Carson III
Circuit Judge